## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **DAVID ANGEL SIFUENTES III,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:22-cv-00190-RJS-JCB** |
| **CAPITAL ONE,** | **Chief District Judge Robert J. Shelby** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.
§ 636(b)(1)(B).[1] Pro se Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") is proceeding in
forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is the review of Mr.
Sifuentes's complaint[3] under the authority of the IFP Statute.[4] As explained below, Mr.
Sifuentes's claims lack merit, and he fails to demonstrate that venue is proper in this court.
However, rather than recommending dismissal of this action on those bases, the court provides
Mr. Sifuentes with the opportunity to amend his complaint to attempt to cure his pleading
deficiencies.

---

[1] ECF No. 8.

[2] ECF No. 4.

[3] ECF No. 5.

[4] 28 U.S.C. § 1915(e)(2)(B); DUCivR 3-2(b).

## BACKGROUND

Mr. Sifuentes alleges that he received an email offer in December 2021 from Defendant Capital One ("Capital One") to apply for preapproval for some type of consumer credit.[5] Mr. Sifuentes contends that although he applied and was preapproved, Capital One denied his subsequent application for credit due to a "freeze" on his credit report.[6] However, according to Mr. Sifuentes, "[t]here was no freeze" at the time he applied because "it had been temporarily lifted from all three credit bureaus, TransUnion, Experian, and Equifax."[7] Mr. Sifuentes asserts that he reported that fact to Capital One during a phone call with one if its representatives.[8]

Based upon those facts, Mr. Sifuentes alleges that Capital One violated the Fair Credit Reporting Act ("FCRA")[9] by using "deceptive tactics by offering credit than [sic] denying it," which caused a decrease in his credit score.[10] Mr. Sifuentes also alleges a claim for intentional infliction of emotional distress because Capital One's actions made him "very mad, embarrassed[,] and very upset."[11] In his prayer for relief, Mr. Sifuentes asks the court to either: (1) award him $125,000.00 in damages; or (2) award him $25,000.00 in damages, order Capital One to permit him to "reapply on the score [he] had in December 2021," and order Capital One to offer him the credit for which he was preapproved.[12]

---

[5] ECF No. 5 at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] 15 U.S.C. §§ 1681-1681x.

[10] ECF No. 5 at 2.

[11] *Id.*

[12] *Id.*

## LEGAL STANDARDS

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[13] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[14] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[15] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[16]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[17] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] "Threadbare

---

[13] 28 U.S.C. § 1915(e)(2)(B)(ii).

[14] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[15] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[17] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[20] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[21]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[22] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[23]

In analyzing Mr. Sifuentes's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[24] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[25] and the court "will not supply additional facts, nor will

---

[19] *Id*.

[20] *Twombly*, 550 U.S. at 555.

[21] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[22] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[23] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[24] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[25] *Id*.

[it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[26] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[27]

## ANALYSIS

As explained below: (I) Mr. Sifuentes's claims lack merit, and (II) he fails to demonstrate that venue is proper in this court. However, instead of recommending dismissal of this action on those bases, the court (III) provides Mr. Sifuentes with an opportunity to amend his complaint.

## I.   Mr. Sifuentes's Claims Lack Merit.

Mr. Sifuentes fails to state claims (A) under the FCRA and (B) for intentional infliction of emotional distress. The court addresses each of Mr. Sifuentes's claims in turn below.

### A.   Mr. Sifuentes Fails to State a Claim Under the FCRA.

Mr. Sifuentes fails to state a cognizable claim under the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and

---

[26] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[27] *Hall*, 935 F.2d at 1110 (citations omitted).

protect consumer privacy."[28] "'Accordingly, the FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies.'"[29] Mr. Sifuentes's allegations appear to relate to Capital One's role as either a user of consumer reports or a furnisher of information to consumer reporting agencies. As demonstrated below, Mr. Sifuentes fails to state a claim against Capital One in either role.

First, the FCRA imposes certain requirements on users of consumer reports under 15 U.S.C. § 1681m.[30] However, "there is no private right of action for violation of the notification requirement contained in 15 U.S.C. § 1681m" because "[t]he language of 15 U.S.C. § 1681m(h)(8)(A)-(B) clearly states that this section 'shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.'"[31] Thus, to the

---

[28] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also* 15 U.S.C.A. § 1681(b) (providing that the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of" the FCRA); *Greene v. Cap. One Bank*, No. 2:07-CV-687 TS, 2008 WL 1858882, at *2 (D. Utah Apr. 23, 2008) (same).

[29] *Greene*, 2008 WL 1858882, at *2 (quoting *Whisenant v. First Nat'l Bank & Tr. Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003)); *see also Eldridge v. Equifax, Inc.*, No. CIV-19-115-R, 2019 WL 1179420, at *2 (W.D. Okla. Mar. 13, 2019) (same); *Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1253 (D. Kan. 2017) (same).

[30] 15 U.S.C. § 1681m(a) (providing that "[i]f any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report," that person must notify the consumer).

[31] *Dohner v. Wachovia Mortg. FSB*, No. 2:11-CV-00276-DS, 2011 WL 4064067, at *4 (D. Utah Sept. 13, 2011) (quoting 15 U.S.C. § 1681m(h)(8)(B)).

extent Mr. Sifuentes claims that Capital One violated the FCRA as a user of consumer reports,

there is no such claim as a matter of law.

Second, the FCRA also imposes certain requirements on furnishers of information to

credit reporting agencies.[32] 15 U.S.C. § 1681s-2 "divides these duties into two categories:

(1) 'Duty of furnishers of information to provide accurate information' under subsection (a); and

(2) 'Duties of furnishers of information upon notice of dispute' under subsection (b)."[33] As for

the duties described in subsection (a), they "are enforceable only by the Federal Trade

Commission and other designated government agencies."[34] "In other words, Congress has

explicitly precluded any private right of action relating to the duties imposed on furnishers of

information under § 1681s-2(a)."[35] Therefore, Mr. Sifuentes cannot state a claim under section

1681s-2(a) as a matter of law.

Mr. Sifuentes's claim fares no better under subsection (b). Subsection (b)

> imposes a number of duties on furnishers of information upon
> receiving notice from a consumer reporting agency of "a dispute
> with regard to the completeness or accuracy of any information
> provided . . . to [the agency]," including: (1) to conduct an
> investigation of the disputed information; (2) to review the
> information regarding the dispute provided by the consumer
> reporting agency; (3) to report the results to the consumer reporting

---

[32] 15 U.S.C. § 1681s-2(a)-(b).

[33] *Greene*, 2008 WL 1858882, at *2 (quoting 15 U.S.C. § 1681s-2(a)-(b)).

[34] *Id*. (citing 15 U.S.C. § 1681s-2(d)); *see also* 15 U.S.C. § 1681s-2(d) (providing that the provisions of subsection (a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title"); *Whisenant*, 258 F. Supp. 2d at 1316 (stating that "Congress did not create a private right of action for violations of" section 1681s-2(a)).

[35] *Greene*, 2008 WL 1858882, at *2; *see also Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (holding that "§ 1681s-2(a) provides no private cause of action").

agency; (4) to report any incomplete or inaccurate information to other consumer reporting agencies; and (5) to correct or remove the inaccurate or incomplete information.[36]

Although "[a] private right action does exist for violations of this set of duties,"[37] "[t]he furnisher's duty to investigate arises only after a [credit reporting agency] notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer."[38]

"Thus, a consumer 'cannot recover under § 1681s-2(b) if they do not initiate the process for

---

[36] *Greene*, 2008 WL 1858882, at *3 (quoting 15 U.S.C. § 1681s-2(b)(1)) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E)) (alterations in original).

[37] *Whisenant*, 258 F. Supp. 2d at 1316; *see also Hansen v. JPMorgan Chase Bank, NA*, No. 2:16-CV-744-DN, 2017 WL 1250425, at *4 (D. Utah Mar. 31, 2017) ("Unlike Section 1681s-2(a), a private right of action exists against furnishers of information to credit reporting agencies for violations of Section 1681s-2(b)."); *Vilar v. Equifax Info. Servs., LLC*, No. CIV 14-0226 JB/KBM, 2014 WL 7474082, at *13 (D.N.M. Dec. 17, 2014) ("A consumer can . . . bring a private cause of action against the furnisher for violations of § 1681s-2(b)."); *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) ("The second component of § 1681s-2, found in subsection (b), does create a private cause of action by a consumer against a furnisher of credit information.").

[38] *Willis v. Cap. One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) (quotations and citations omitted); *see also Pinson*, 316 F. App'x at 751 ("[T]he duties listed in § 1681s-2(b) arise only after the furnisher receives notice of a dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b) . . . ." (quotations, citation, and emphasis omitted)); *Vilar*, 2014 WL 7474082, at *13 ("[The] duties [under section 1681s-2(b)] do not arise until after a [credit reporting agency] notifies a furnisher of a dispute. Notice directly from a consumer does not give rise to these duties." (citations and footnote omitted)); *Greene*, 2008 WL 1858882, at *3 (providing that the duties in subsection (b) "arise only when the furnisher of information receives notice of a dispute from a consumer reporting agency pursuant to § 1681i(a)(2)"); *Whisenant*, 258 F. Supp. 2d at 1316 ("[I]t is vital to note that [the] duties [in section 1681s-2(b)] are only triggered after a furnisher of information receives notice of a consumer dispute from a credit reporting agency. In the absence of such notification, no duty arises."); *Aklagi*, 196 F. Supp. 2d at 1193 ("[U]nder the plain language of the statute, the duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency, not just the consumer. Indeed, courts have uniformly reached this conclusion." (citing cases) (emphasis omitted)).

recovery by notifying a [credit reporting agency] of the dispute.'"[39] Mr. Sifuentes's complaint is entirely devoid of any allegations indicating that he ever notified a credit reporting agency of the dispute concerning the accuracy of his credit report. Therefore, Mr. Sifuentes fails to state a claim for relief under section 1681s-2(b).[40]

In sum, whether Mr. Sifuentes's FCRA claim can be construed as one under either section 1681m or section 1681s-2(a), it fails as a matter of law, and he could not make any additional allegations that would save it from dismissal. However, to the extent Mr. Sifuentes's FCRA claim could be construed as being brought under section 1681s-2(b), he may be able to cure his pleading deficiencies with additional allegations. Accordingly, the court provides him with an opportunity to amend his complaint, as outlined below.

B.  Mr. Sifuentes Fails to State a Claim for Intentional Infliction of Emotional Distress.

Mr. Sifuentes fails to state a claim for intentional infliction of emotional distress because the allegations supporting that claim fail to satisfy the minimum pleading standards of Rule 8(a). Indeed, the only two allegations contained in Mr. Sifuentes's complaint that reference that claim are: (1) Capital One "caus[ed] intentional infliction of emotional distress where [Mr.] Sifuentes is

---

[39] *Willis*, 611 F. App'x at 502 (quoting *Vilar*, 2014 WL 7474082, at *13); *see also Hansen*, 2017 WL 1250425, at *4 (same).

[40] *Willis*, 611 F. App'x at 503 (concluding that the plaintiff "failed to allege facts sufficient to permit the district court to infer that he properly notified a [credit reporting agency] of disputed information" and, therefore "dismissal of [the plaintiff's] FCRA claim was proper"); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (concluding that the district court did not err in dismissing the plaintiffs' FCRA claim because they did not allege that they notified a credit reporting agency of their dispute); *Pinson*, 316 F. App'x at 751 ("[B]ecause the amended complaint alleges only that the [plaintiffs]—not any [credit reporting agency]— notified [the furnisher] that its information was in dispute, the [plaintiffs] failed to state a claim against [the furnisher] under the FCRA.").

mad, embarrassed[,] and very upset";[41] and (2) Capital One's denial of Mr. Sifuentes's credit application "caused intentional infliction of emotional distress [because Mr.] Sifuentes is very mad, embarrassed[,] and very upset."[42] Further, even though Mr. Sifuentes fails to make any reference to the elements for such a cause of action under state law, even if the court supplies them, all he has pled are "'naked assertion[s]' devoid of 'further factual enhancement,'" which are insufficient to satisfy the standards of Rule 8(a).[43] Moreover, being "very mad, embarrassed[,] and very upset,"[44] woefully fail to satisfy the elements of intentional infliction of emotional distress under Utah law. Therefore, Mr. Sifuentes's intentional infliction of emotional distress claim fails.

As a final matter concerning Mr. Sifuentes's claim for intentional infliction of emotional distress, the court notes that there are potential jurisdictional problems with that claim, which the court must address.[45] Although not entirely clear, Mr. Sifuentes's complaint appears to assert federal question jurisdiction over his FCRA claim[46] and supplemental jurisdiction over his

---

[41] ECF No. 5 at 1.

[42] *Id*. at 2.

[43] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[44] ECF No. 5 at 2.

[45] Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[46] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

state-law claim for intentional infliction of emotional distress.[47] However, if Mr. Sifuentes fails

to state a claim under the FCRA, as discussed above, the court would decline to exercise

supplemental jurisdiction over his state-law claim for intentional infliction of emotional

distress.[48] At the same time, the court acknowledges that Mr. Sifuentes may be able to establish

diversity jurisdiction for that claim, but his complaint does not contain sufficient allegations

concerning his citizenship and Capital One's citizenship that would allow the court to determine

whether there is complete diversity here.[49] Additionally, Mr. Sifuentes's conclusory allegations

about his damages are insufficient to allow the court to determine whether the minimum amount

in controversy for diversity jurisdiction is satisfied.[50]

   Notwithstanding the pleading deficiencies with Mr. Sifuentes's claim for intentional

infliction of emotion distress outlined above, the court acknowledges that he may be able to cure

---

[47] *Id*. § 1367(a) (providing that, with certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution")

[48] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (quotations and citations omitted)).

[49] 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

[50] *Gibson v. Jeffers,* 478 F.2d 216, 221 (10th Cir. 1973) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." (footnote omitted)).

them through additional allegations in an amended complaint. Accordingly, as indicated below, the court provides Mr. Sifuentes with an opportunity to amend his complaint.

## II.  Mr. Sifuentes Fails to Establish That Venue Is Proper in This Court.

In addition to failing to state claims upon which relief can be granted, Mr. Sifuentes fails to demonstrate that venue is proper in this court. Because Mr. Sifuentes is proceeding under the IFP Statute, the court may consider *sua sponte* whether this action should be dismissed based upon an affirmative defense (e.g., improper venue).[51] However, "the district court may consider . . . venue *sua sponte* [under the IFP Statute] only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[52] As shown below, the defense of improper venue is obvious from the face of Mr. Sifuentes's complaint because he fails to include any allegations that would establish proper venue in this court.

Venue in this case is governed by 28 U.S.C. § 1391(b), which includes three different provisions for proper venue.[53] Mr. Sifuentes fails to include any allegations that would show that venue is proper in this court under any of those provisions. First, section 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." For an entity named as a defendant, section 1391(c)(2) specifies that the entity "shall be deemed to reside . . . in any judicial district in which [the entity] is subject to the court's personal jurisdiction with respect to the civil action in question." Mr. Sifuentes fails to include any allegations concerning whether

---

[51] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[52] *Id.* at 1217 (quotations and citation omitted).

[53] 28 U.S.C. § 1391(b)(1)-(3).

Capital One is subject to this court's personal jurisdiction for purposes of this case. Thus, his complaint fails to establish that venue would be proper in this court under section 1391(b)(1).

Second, under section 1391(b)(2), venue is proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Mr. Sifuentes's complaint contains no allegations about where the events underlying his claims occurred, and there is no property that is the subject of his claims. Accordingly, Mr. Sifuentes fails to show that venue in this court would be proper under section 1391(b)(2).

Finally, section 1391(b)(3) provides that, "if there is no district in which an action may otherwise be brought as provided in" section 1391(b), a civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." As indicated above, Mr. Sifuentes's complaint is devoid of any allegations concerning whether Capital One is subject to this court's personal jurisdiction for purposes of this case. Consequently, Mr. Sifuentes fails to establish that venue would be proper in this court under section 1391(b)(3).

Because Mr. Sifuentes fails to demonstrate that venue is proper in this court, the court could consider recommending dismissal or transfer of this action under 28 U.S.C. § 1406(a).[54] With respect to dismissal, "the district court may dismiss under [the IFP Statute] only if it is clear that [the plaintiff] can allege no set of facts . . . to support . . . venue."[55] Furthermore, before

---

[54] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[55] *Trujillo*, 465 F.3d at 1217 (second alteration in original) (quotations and citation omitted).

dismissing an action for improper venue under section 1406(a), the court must determine whether transfer serves the interests of justice.[56] In making that determination, the court must consider whether: (A) the claims alleged are likely to have merit; (B) a new action would be time barred if refiled in the proper forum; and (C) the claims were filed in good faith or, on the other hand, if it was clear at the time of filing that venue was improper.[57] Given the paucity of allegations in Mr. Sifuentes's complaint related to venue, the court will not consider either dismissal or transfer at this time. Instead, as indicated below, the court provides Mr. Sifuentes with an opportunity to amend his complaint to cure his deficiencies with pleading proper venue.

### III.   The Court Provides Mr. Sifuentes With an Opportunity to Amend His Complaint.

Consistent with the foregoing analysis, the court provides Mr. Sifuentes with leave to file an amended complaint to remedy the pleading deficiencies outlined above. Mr. Sifuentes must file his amended complaint on or before December 23, 2022. Failure to do so will result in the court recommending dismissal of this action.

CONCLUSION AND ORDER

Based upon the analysis set forth above, the court HEREBY ORDERS:

1.   On or before December 23, 2022, Mr. Sifuentes must file an amended complaint that cures the pleading deficiencies outlined above.

2.   If filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and DUCivR 3-2(b).

---

[56] *Id*. at 1222-23 & n.16; *see also Faulkenburg v. Weir*, 350 F. App'x 208, 209-10 (10th Cir. 2009).

[57] *Faulkenburg*, 350 F. App'x at 210 (citing *Trujillo*, 465 F.3d at 1223 n.16).

3.      Mr. Sifuentes's failure to file an amended complaint by the above-referenced

deadline will result in the court recommending dismissal of this action.

IT IS SO ORDERED.

DATED this 23rd day of November 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge