THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DAVID ANGEL SIFUENTES III,**<br><br>Plaintiff,<br><br>v.<br><br>**CAPITAL ONE,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-00190-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Sifuentes's amended complaint.[2] Mr. Sifuentes has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Sifuentes's amended complaint under the authority of the IFP Statute. Upon review, Mr. Sifuentes fails to state plausible federal claims for relief and providing him with further opportunities to amend his complaint would be futile. Therefore, the court dismisses Mr. Sifuentes's federal causes of action with prejudice. Consequently, the court declines to exercise supplemental jurisdiction over Mr. Sifuentes's state-law claims and dismisses those claims without prejudice.

---

[1] ECF No. 13.

[2] ECF No. 14.

[3] ECF No. 4.

## BACKGROUND

In his original complaint, Mr. Sifuentes alleged that he received an email offer in December 2021 from Capital One to apply for preapproval for some type of consumer credit.[4] Mr. Sifuentes contended that although he applied and was preapproved, Capital One denied his subsequent application for credit due to a "freeze" on his credit report.[5] However, according to Mr. Sifuentes, "[t]here was no freeze" at the time he applied because "it had been temporarily lifted from all three credit bureaus, TransUnion, Experian, and Equifax."[6] Mr. Sifuentes asserted that he reported that fact to Capital One during a phone call with one of its representatives.[7]

Based upon those facts, Mr. Sifuentes alleged that Capital One violated the Fair Credit Reporting Act ("FCRA")[8] by using "deceptive tactics by offering credit than [sic] denying it," which caused a decrease in his credit score.[9] Mr. Sifuentes also alleged a claim for intentional infliction of emotional distress because Capital One's actions made him "very mad, embarrassed[,] and very upset."[10] In his prayer for relief, Mr. Sifuentes requested that the court either: (1) award him $125,000.00 in damages; or (2) award him $25,000.00 in damages, order Capital One to permit him to "reapply on the score [he] had in December 2021," and order Capital One to offer him the credit for which he was preapproved.[11]

---

[4] ECF No. 5 at 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] 15 U.S.C. §§ 1681-1681x.

[9] ECF No. 5 at 2.

[10] *Id.*

[11] *Id.*

In a November 23, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Sifuentes's original complaint under the authority of the IFP Statute.[12] After analyzing each of Mr. Sifuentes's claims, the court concluded that Mr. Sifuentes failed to state claims upon which relief could be granted and that he failed to demonstrate that venue is proper in this court.[13] However, the court provided Mr. Sifuentes with an opportunity to amend his complaint.[14]

Mr. Sifuentes filed an amended complaint on January 18, 2023, once again naming Capital One as the sole defendant.[15] Mr. Sifuentes asserts causes of action under the FCRA,[16] Federal Trade Commission Act,[17] Equal Credit Opportunity Act ("ECOA"),[18] Telephone Consumer Protection Act ("TCPA"),[19] Gramm-Leach-Bliley Act,[20] Michigan Consumer Protection Act,[21] and a claim for "'negligent' and[/]or 'intentional infliction' of emotional distress" because Capital One's actions made him "mad, very angry[,] embarrassed[,] and upset."[22] In his prayer for relief, Mr. Sifuentes requests an award of $300,000.00 in actual

---

[12] ECF No. 9.
[13] *Id.* at 5-15.
[14] *Id.* at 14.
[15] ECF No. 14.
[16] 15 U.S.C. § 1681s-2(b).
[17] *Id.* § 45.
[18] *Id.* § 1691.
[19] 47 U.S.C. § 227.
[20] 15 U.S.C. §§ 6801, 6821.
[21] M.C.L.A. 445.903.
[22] ECF No. 14 at 4.

damages "for negligent and intentional infliction of ongoing emotional distress for being mad[,] upset[,] and under stress" and $650,000.00 in "exemplary, compensatory[,] and punitive damages[,] injunctive and declaratory relief[,] for a total of $950,000."[23] Alternatively, Mr. Sifuentes requests an award of $150,000.00 in actual damages and a line of credit.[24]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[25] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[26] Under that standard, the court "look[s] for plausibility in th[e] complaint."[27] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[28]

---

[23] *Id.* at 5.

[24] *Id.*

[25] 28 U.S.C. § 1915(e)(2)(B)(ii).

[26] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[27] *Id.* at 1218 (quotations and citation omitted) (second alteration in original).

[28] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[29] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[30] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[32] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[33]

In analyzing Mr. Sifuentes's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[34] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[35] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes

---

[29] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[31] *Id.*

[32] *Twombly*, 550 U.S. at 555.

[33] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[34] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[35] *Bellmon*, 935 F.2d at 1110.

facts that have not been pleaded."[36] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[37]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[38] When considering an amended complaint, as the court does here, the amended complaint "must stand on its own and may not incorporate by reference any facts or claims from earlier pleadings."[39]

---

[36] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[37] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[38] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[39] *Gardner v. Long*, No. 2:18-CV-00509, 2020 WL 10057890, at *2 (D. Utah Oct. 19, 2020) (citing *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1025 (10th Cir. 1992)), *report and recommendation adopted*, No. 2:18-CV-00509, 2020 WL 7252950 (D. Utah Nov. 23, 2020), *appeal dismissed*, No. 20-4128, 2021 WL 2327814 (10th Cir. Feb. 2, 2021); *see also TV Commc'ns Network, Inc.*, 964 F.2d at 1025 ("The amended complaint must stand or fall on its own.").

ANALYSIS

Based upon the following analysis, the court concludes that Mr. Sifuentes's amended complaint fails to state any federal claims upon which relief can be granted and that it would be futile to provide Mr. Sifuentes with a second opportunity to amend his complaint. Therefore, the court dismisses Mr. Sifuentes's federal claims with prejudice. As a result, the court declines to exercise supplemental jurisdiction over Mr. Sifuentes's state-law claims and dismisses those claims without prejudice.

I. **Mr. Sifuentes Fails to State a Claim Under the FCRA.**

Mr. Sifuentes fails to state a claim under the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."[40] "'Accordingly, the FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies.'"[41] Mr. Sifuentes's allegations appear to relate to Capital One's duties as a furnisher of information to consumer reporting agencies under 15 U.S.C. § 1681s-2(b), which

---

[40] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); see also 15 U.S.C.A. § 1681(b) (providing that the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of" the FCRA); *Greene v. Cap. One Bank*, No. 2:07-CV-687 TS, 2008 WL 1858882, at *2 (D. Utah Apr. 23, 2008) (same).

[41] *Greene*, 2008 WL 1858882, at *2 (quoting *Whisenant v. First Nat'l Bank & Tr. Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003)); *see also Eldridge v. Equifax, Inc.*, No. CIV-19-115-R, 2019 WL 1179420, at *2 (W.D. Okla. Mar. 13, 2019) (same); *Keller v. Bank of Am.*, N.A., 228 F. Supp. 3d 1247, 1253 (D. Kan. 2017) (same).

> imposes a number of duties on furnishers of information upon receiving notice from a consumer reporting agency of "a dispute with regard to the completeness or accuracy of any information provided . . . to [the agency]," including: (1) to conduct an investigation of the disputed information; (2) to review the information regarding the dispute provided by the consumer reporting agency; (3) to report the results to the consumer reporting agency; (4) to report any incomplete or inaccurate information to other consumer reporting agencies; and (5) to correct or remove the inaccurate or incomplete information.[42]

Thus, to state a plausible claim under 15 U.S.C. § 1681s-2(b) against Capital One, Mr. Sifuentes must, as a threshold matter, allege that Capital One furnished incomplete or inaccurate information to a consumer reporting agency. Mr. Sifuentes's amended complaint does not include any allegations to that effect. In fact, any information about a "freeze" on Mr. Sifuentes's credit report originated from a consumer reporting agency and was received by Capital One, not the other way around. Thus, to the extent that Mr. Sifuentes alleges that this "freeze" on his credit report is incomplete or inaccurate information, his dispute should be with the credit reporting agency, not with Capital One.

It appears that Mr. Sifuentes also contests Capital One's "hard inquiry" on his credit and seeks its removal from his credit report because the inquiry decreased his credit score.[43] However, Mr. Sifuentes does not demonstrate that Capital One's inquiry constitutes furnishing incomplete or inaccurate information to a consumer reporting agency. Mr. Sifuentes alleges that he disputed Capital One's hard inquiry with credit reporting agencies Experian and

---

[42] *Greene*, 2008 WL 1858882, at *3 (quoting 15 U.S.C. § 1681s-2(b)(1)) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E)) (alterations in original).

[43] ECF No. 14 at 3.

TransUnion.[44] Mr. Sifuentes states that Experian has removed Capital One's inquiry from his credit report, but the inquiry remains on his TransUnion report.[45] Nothing in 15 U.S.C. § 1681s-2(b) places a duty on Capital One to remove the hard inquiry from Mr. Sifuentes's credit report with TransUnion. Therefore, Mr. Sifuentes has not alleged any facts that would support a cause of action under the FCRA.[46]

## II. Mr. Sifuentes Fails to State a Claim Under the Federal Trade Commission Act.

Mr. Sifuentes fails to state a claim under the Federal Trade Commission Act[47] because no private right of action exists under this Act.[48] In the absence of a private right of action, Mr. Sifuentes cannot state an actionable federal claim for relief. Therefore, this claim fails.

## III. Mr. Sifuentes Fails to State a Claim Under the ECOA.

Mr. Sifuentes fails to state a claim under the ECOA.[49] The ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex, or marital status."[50] To state a plausible claim under the ECOA, Mr. Sifuentes must plead that: (1) he is a member of a

---

[44] *Id.*

[45] *Id.*

[46] Notably, Mr. Sifuentes is aware of what is required to state a plausible claim under the FCRA against a furnisher of credit information because he has filed FCRA cases against other creditors in other district courts that were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See, e.g.*, *Sifuentes v. First Bank & Trust, Brookings SD*, No. 22-cv-1100, 2022 WL 2133868, at *2 (E.D. Penn. June 14, 2022).

[47] 15 U.S.C. § 45.

[48] *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *see also Drake v. Sometime Spouse, LLC*, 784 F. App'x 602, 604 (10th Cir. 2019).

[49] 15 U.S.C. § 1691.

[50] *Id.* § 1691(a)(1).

protected class; (2) he applied for and was qualified for a loan; (3) the loan application(s) were rejected despite Mr. Sifuentes's qualifications; and (4) Capital One continues to approve loans for applicants with qualifications similar to those of Mr. Sifuentes.[51] Mr. Sifuentes has not pled that he is a member of a protected class or that Capital One is engaged in a pattern or practice of discrimination. Instead, Mr. Sifuentes takes issue with Capital One's denial of his application after he was notified of preapproval because of Capital One's discovery of a "freeze" on Mr. Sifuentes's credit report.[52] Therefore, Mr. Sifuentes's ECOA claim fails.

### IV. Mr. Sifuentes Fails to State a Claim Under the TCPA.

Mr. Sifuentes fails to state a claim under the TCPA.[53] The TCPA prohibits the use of an automated telephone dialing system ("ATDS") or prerecorded voice to call a cell phone without the called party's prior consent.[54] To state a claim under the TCPA, Mr. Sifuentes must allege that Capital One: (1) called Mr. Sifuente's cell phone; (2) using an ATDS or an artificial or prerecorded voice; (3) without Mr. Sifuente's prior express consent.[55] Instead, in support of his TCPA claim, Mr. Sifuentes alleges that Capital One was "deceptive" in its use of "cell phone data and ads that were used to solicit [Mr.] Sifuentes into applying for the proffered loan that is credit, [then] denying it."[56] Mr. Sifuentes has not alleged that Capital One ever called him on his

---

[51] *See, e.g.*, *Mares v. Outsource Receivables Management, Inc.*, No. 1:19-cv-0004, 2019 WL 2248106, at *2 (D. Utah May 24, 2019).

[52] ECF No. 14 at 3.

[53] 47 U.S.C. § 227.

[54] *Id.* § 227(b)(1)(A).

[55] *See, e.g.*, *Asher v. Quicken Loans, Inc.*, No. 2:17-cv-1203, 2019 WL 131854, at *1 (D. Utah Jan. 8, 2019).

[56] ECF No. 14 at 4.

10

cell phone. Rather, Mr. Sifuentes alleges that he received an email offer from Capital One "to apply for [c]redit under [its] preapproval process."⁵⁷ He has pled no other facts demonstrating that Capital One placed an impermissible "robocall" to Mr. Sifuentes. Therefore, his TCPA claim fails.

### V. Mr. Sifuentes Fails to State a Claim Under the Gramm-Leach-Bliley Act.

Mr. Sifuentes fails to state a claim under the Gramm-Leach-Bliley Act⁵⁸ because no private right of action exists under this Act.⁵⁹ In the absence of a private right of action, Mr. Sifuentes cannot state an actionable federal claim for relief. Therefore, this claim also fails.

### VI. The Court Declines to Exercise Supplemental Jurisdiction Over Mr. Sifuentes's State-Law Claims.

Mr. Sifuentes fails to state any federal claims on which relief can be granted, and, consequently, the court declines to exercise supplemental jurisdiction over his state-law claims. "Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction."⁶⁰ However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal

---

⁵⁷ *Id.* at 3.

⁵⁸ 15 U.S.C. §§ 6801, 6821.

⁵⁹ *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 980 (8th Cir. 2007).

⁶⁰ *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012).

claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[61]

The court has concluded that all of Mr. Sifuentes's federal claims fail. Because Mr. Sifuentes's claim under the Michigan Consumer Protection Act[62] and his claims for negligent and intentional infliction of emotional distress[63] are based upon state law, the court declines to exercise supplemental jurisdiction over those claims. Accordingly, those claims are dismissed without prejudice.[64]

**VII.     Allowing Mr. Sifuentes to Amend His Complaint a Second Time Would Be Futile.**

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[65] In the court's November 23, 2022 Memorandum Decision and Order—which reviewed the sufficiency of Mr. Sifuentes's original complaint under the authority of the IFP Statute—the court provided Mr. Sifuentes with specific reasons showing why the federal

---

[61] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations and citations omitted).

[62] M.C.L.A. 445.903.

[63] *See, e.g.*, *Jackson v. Brown*, 904 P.2d 685, 687–88 (Utah 1995) (describing the state-law tort of intentional infliction of emotional distress); *Candelaria v. CB Richard Ellis*, 319 P.3d 708, 710-11 (Utah Ct. App. 2014) (describing the state-law tort of negligent infliction of emotional distress).

[64] *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

[65] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

claim in his original complaint was deficient and granted him an opportunity to amend his complaint. Nevertheless, Mr. Sifuentes's amended complaint asserts the same federal claim that was asserted in the original complaint, and it is still deficient. Additionally, all of Mr. Sifuentes's new federal claims in the amended complaint also fail. Under those circumstances, providing Mr. Sifuentes with a second chance to amend would be futile, and, therefore, Mr. Sifuentes's federal claims are dismissed with prejudice.[66]

## CONCLUSION AND ORDER

Based upon the forgoing analysis, the court HEREBY ORDERS:

1. Mr. Sifuentes's federal claims in this action are DISMISSED WITH PREJUDICE under the authority of the IFP Statute.[67]

2. Mr. Sifuentes's state-law claims in this action are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 4th day of May 2023.

---

[66] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[67] 28 U.S.C. § 1915(e)(2)(B)(ii).

...

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge