THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DAVID ANGEL SIFUENTES III,** Plaintiff, v. **CAPITAL ONE,** Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:22-cv-00190-JCB Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Sifuentes's motion for relief from judgment under Fed. R. Civ. P. 60(b)(1).[2] Based upon the analysis set forth below, the court denies Mr. Sifuentes's motion.

### BACKGROUND

Proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"),[3] Mr. Sifuentes filed his complaint in this case against Defendant Capital One ("Capital One") in March 2022.[4] Mr. Sifuentes alleged claims against Capital One for: (1) violations of the Fair Credit Reporting Act ("FCRA") and (2) intentional infliction of emotional distress under state law.

---

[1] ECF No. 13.

[2] ECF No. 19.

[3] ECF No. 4.

[4] ECF No. 5.

In a subsequent Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Sifuentes's complaint under the authority of the IFP Statute[5] and concluded, among other things, that Mr. Sifuentes failed to state any claims upon which relief could be granted.[6] However, the court recognized that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[7] Accordingly, the court provided Mr. Sifuentes with an opportunity to amend his complaint.

Mr. Sifuentes later filed an amended complaint, again naming Capital One as the sole defendant.[8] Mr. Sifuentes alleged federal causes of action against Capital One under the FCRA, the Federal Trade Commission Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, and the Gramm-Leach-Bliley Act. Mr. Sifuentes also asserted state-law causes of action for violations of the Michigan Consumer Protection Act and for negligent and/or intentional infliction of emotional distress.

Thereafter, the court issued another Memorandum Decision and Order, in which the court reviewed the sufficiency of Mr. Sifuentes's amended complaint under the authority of the IFP Statute.[9] The court concluded that Mr. Sifuentes's amended complaint failed to state any federal

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

[6] ECF No. 9.

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[8] ECF No. 14.

[9] ECF No. 15.

claims upon which relief could be granted and that it would be futile to provide Mr. Sifuentes with a second opportunity to amend his complaint. Therefore, the court dismissed Mr. Sifuentes's federal claims with prejudice. Consequently, the court declined to exercise supplemental jurisdiction over Mr. Sifuentes's state-law claims and dismissed those claims without prejudice. The court then entered judgment and closed this case.[10]

Several days later, Mr. Sifuentes filed the motion currently before the court.[11] Mr. Sifuentes argues that he should be given relief from the court's judgment under Rule 60(b)(1) because his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered."[12] As the form of requested relief, Mr. Sifuentes asks the court to permit him to dismiss this case without prejudice in its entirety under Fed. R. Civ. P. 41(a)(1)(A)(i) because Capital One did not file an answer or motion for summary judgment. Mr. Sifuentes asserts that he has a "right to do so under Rule 41 and Rule 60(b)(1)."[13]

## ANALYSIS

The court denies Mr. Sifuentes's motion because he fails to demonstrate that he is entitled to relief under Rule 60(b)(1), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" based upon "mistake, inadvertence, surprise, or excusable neglect." Although Mr. Sifuentes does not identify which of

---

[10] ECF Nos. 16-17.

[11] ECF No. 19.

[12] Id. at 1.

[13] Id.

those reasons supports his motion, he appears to argue that he committed an excusable litigation mistake by "citing the wrong law [or] not providing cases."[14] Mr. Sifuentes also argues that he should be given relief from the court's judgment because he is proceeding pro se with limited resources. As demonstrated below, the bases supporting Mr. Sifuentes's motion do not justify relief under Rule 60(b)(1), which "is extraordinary" and may be granted "only . . . in exceptional circumstances."[15]

The court first addresses Mr. Sifuentes's argument that he committed an excusable litigation mistake.

> Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.[16]

Because Mr. Sifuentes is proceeding pro se, the type of mistake resulting from an attorney acting without authority is not implicated here. Additionally, Mr. Sifuentes does not argue that the court made any substantive mistakes of law or fact. Thus, the court focuses exclusively on whether Mr. Sifuentes committed an "excusable litigation mistake."[17] "Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party."[18] Instead, "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are

---

[14] *Id.*

[15] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[16] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[17] *Yapp*, 186 F.3d at 1231.

[18] *Id.*; *see also Cashner*, 98 F.3d at 577.

litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment."[19] "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."[20]

Mr. Sifuentes did not commit an excusable litigation mistake. His filing of this case and pursuit of it through judgment were deliberate acts. His failure to recognize the consequences of those acts does not provide a basis for relief under Rule 60(b)(1).[21]

The court turns next to Mr. Sifuentes's argument that he should be given relief from the court's judgment because he is proceeding pro se and with limited resources. Other courts have rejected that argument as a basis for relief under Rule 60(b)(1),[22] and this court rejects it here.

---

[19] *Cashner*, 98 F.3d at 577; *see also Yapp*, 186 F.3d at 1231.

[20] *Yapp*, 186 F.3d at 1231; *see also Cashner*, 98 F.3d at 577 ("Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate. Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." (alterations in original) (quotations and citation omitted)); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

[21] It is also worth noting that the court did not dismiss this case based upon Mr. Sifuentes's asserted mistake of "citing the wrong law [or] not providing cases." ECF No. 19 at 1. Instead, as demonstrated by the court's Memorandum Decision and Order dismissing this case, Mr. Sifuentes's claims were dismissed because he either failed to allege sufficient facts that would support his claims or alleged claims under statutory schemes that do not have a private right of action. *See generally* ECF No. 15.

[22] *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-0550-WJM-KLM, 2017 WL 4469110, at *2 (D. Colo. Oct. 6, 2017) ("[P]ro se status does not afford a basis for relief under Rule 60(b)(1)."); *Handy v. City of Sheridan*, No. 12-CV-01015-WYD-KMT, 2015 WL 428380, at *2 (D. Colo. Jan. 30, 2015) (same).

As shown above, Mr. Sifuentes fails to establish any grounds for relief under Rule 60(b)(1). Therefore, the court DENIES his motion for relief from judgment.[23]

IT IS SO ORDERED.

DATED this 16th day of June 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[23] ECF No. 19.