**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **DAVID ANGEL SIFUENTES III,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:22-cv-00190-JCB** |
| **CAPITAL ONE,** | |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Sifuentes's motion for relief from judgment and to alter or amend judgment.[2] Based upon the analysis set forth below, the court denies Mr. Sifuentes's motion.

**BACKGROUND**

Proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"),[3] Mr. Sifuentes filed his complaint in this case against Defendant Capital One ("Capital One").[4] Mr. Sifuentes alleged claims against Capital One for: (1) violations of the Fair Credit Reporting Act ("FCRA") and (2) intentional infliction of emotional distress under state law.

---

[1] ECF No. 13.

[2] ECF No. 21.

[3] ECF No. 4.

[4] ECF No. 5.

In a November 23, 2022 Memorandum Decision and Order ("November 23 MDO"), the court reviewed the sufficiency of Mr. Sifuentes's complaint under the authority of the IFP Statute[5] and concluded, among other things, that Mr. Sifuentes failed to state any claims upon which relief could be granted.[6] However, the court recognized that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[7] Accordingly, the court provided Mr. Sifuentes with an opportunity to amend his complaint.

Mr. Sifuentes later filed an amended complaint, again naming Capital One as the sole defendant.[8] Mr. Sifuentes alleged federal causes of action against Capital One under the FCRA, the Federal Trade Commission Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, and the Gramm-Leach-Bliley Act. Mr. Sifuentes also asserted state-law causes of action for violations of the Michigan Consumer Protection Act and for negligent and/or intentional infliction of emotional distress.

Thereafter, the court issued a Memorandum Decision and Order on May 4, 2023 ("May 4 MDO"), in which the court reviewed the sufficiency of Mr. Sifuentes's amended complaint under

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

[6] ECF No. 9.

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[8] ECF No. 14.

the authority of the IFP Statute.[9] The court concluded that Mr. Sifuentes's amended complaint

failed to state any federal claims upon which relief could be granted and that it would be futile to

provide Mr. Sifuentes with a second opportunity to amend his complaint. Therefore, the court

dismissed Mr. Sifuentes's federal claims with prejudice. Consequently, the court declined to

exercise supplemental jurisdiction over Mr. Sifuentes's state-law claims and dismissed those

claims without prejudice. The court then entered judgment and closed this case.[10]

Several days later, Mr. Sifuentes filed a motion for relief from judgment under Rule

60(b)(1).[11] Mr. Sifuentes argued that he should be given relief from the court's judgment because

his "resources are limited," and the court should "not fault him for citing the wrong law [or] not

providing cases, as it is the substance and facts of the case that should be considered."[12] As the

form of requested relief, Mr. Sifuentes asked the court to permit him to dismiss this case without

prejudice in its entirety under Fed. R. Civ. P. 41(a)(1)(A)(i) because Capital One did not file an

answer or motion for summary judgment. Mr. Sifuentes asserted that he had a "right to do so

under Rule 41 and Rule 60(b)(1)."[13]

On June 16, 2023, the court issued a Memorandum Decision and Order denying Mr.

Sifuentes's motion ("June 16 MDO").[14] The court concluded that Mr. Sifuentes failed to

demonstrate that he was entitled to relief under Rule 60(b)(1) because: (1) he did not commit an

---

[9] ECF No. 15.

[10] ECF Nos. 16-17.

[11] ECF No. 19.

[12] *Id*. at 1.

[13] *Id*.

[14] ECF No. 20.

excusable litigation mistake by "citing the wrong law [or] not providing cases";[15] and (2) his pro

se status and limited resources did not provide a basis for relief under Rule 60(b)(1).

Thereafter, Mr. Sifuentes appealed this court's judgment to the United States Court of

Appeals for the Tenth Circuit.[16] The same day, he filed the motion currently before the court, in

which he argues that: (1) the court should "alter [or] amend [the] judgment";[17] (2) he should be

given relief from judgment under Rule 60(b)(1) because his "resources are limited," and the

court should "not fault him for citing the wrong law [or] not providing cases, as it is the

substance and facts of the case that should be considered";[18] (3) he committed excusable neglect

under Rule 60(b)(1) when he did "not mention that this . . . [c]ourt has diversity jurisdiction to

hear his state[-]law claims";[19] and (4) the "judgment is void."[20]

Subsequently, the Tenth Circuit issued an Order and Judgment affirming this court's

judgment.[21] The Tenth Circuit rejected Mr. Sifuentes's sole argument on appeal, which was that

this court failed to consider whether it had diversity jurisdiction over Mr. Sifuentes's state-law

---

[15] ECF No. 19 at 1.

[16] ECF No. 22.

[17] ECF No. 21 at 1. Although Mr. Sifuentes does not cite any authority for this portion of his motion, he appears to be invoking Fed. R. Civ. P. 59(e), which governs motions "to alter or amend a judgment."

[18] ECF No. 21 at 1.

[19] *Id*.

[20] *Id*. Mr. Sifuentes does not cite any authority for this portion of his motion, but he appears to be seeking relief under Rule 60(b)(4), which governs motions seeking relief from a "void" judgment.

[21] *Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023).

claims.[22] Although this court addressed the issue of diversity jurisdiction in the November 23

MDO,[23] it did not address that issue in the May 4 MDO. As noted above, in the May 4 MDO,

this court: (1) concluded that Mr. Sifuentes failed to state any federal claims upon which relief

could be granted and, therefore, dismissed his federal claims with prejudice; and

(2) consequently, declined to exercise supplemental jurisdiction over Mr. Sifuentes's state-law

claims and dismissed those claims without prejudice.[24] However, the Tenth Circuit conducted its

"own de novo review of [Mr.] Sifuentes's amended complaint and conclude[d] that it fail[ed] to

set forth sufficient allegations to establish diversity jurisdiction over his state[-]law claims."[25]

Accordingly, the Tenth Circuit affirmed this court's judgment.[26]

**ANALYSIS**

As shown below: (I) the court construes Mr. Sifuentes's current motion as a motion to

reconsider the June 16 MDO, which the court denies; and (II) even if the court considers the

merits of Mr. Sifuentes's motion, he fails to demonstrate that he is entitled to relief from

judgment. Therefore, the court denies Mr. Sifuentes's motion.

## I. The Court Construes Mr. Sifuentes's Motion as a Motion to Reconsider the June 16 MDO, and the Court Denies That Motion.

Because Mr. Sifuentes's current motion presents arguments that were already raised or

could have been raised in his first motion for relief from judgment, the court construes his

---

[22] *Id*. at *1.

[23] ECF No. 9 at 10-11.

[24] ECF No. 15.

[25] *Sifuentes*, 2023 WL 6060382, at *3.

[26] *Id*. at *4.

current motion as a motion to reconsider the June 16 MDO denying his first motion. Based upon the following analysis, the court denies that motion to reconsider.

Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[27] Importantly, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[28]

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."[29]

For the following reasons, Mr. Sifuentes fails to articulate any basis for the court to reconsider the June 16 MDO. First, Mr. Sifuentes fails to argue that: (1) there has been a change

---

[27] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[28] *Id*.

[29] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

in the controlling law since the June 16 MDO; (2) new evidence exists that was unavailable at the time he filed his first motion for relief from judgment; or (3) there is a need to correct clear error or prevent manifest injustice. Thus, he fails to establish any valid basis for the court to reconsider the June 16 MDO.

Second, one of Mr. Sifuentes's arguments in his current motion was already raised in his first motion for relief from judgment and rejected by the court. As indicated in the background recited above, Mr. Sifuentes's first motion argued that he should be given relief from the court's judgment under Rule 60(b)(1).[30] Although the court previously denied that request for relief in the June 16 MDO,[31] Mr. Sifuentes now requests the exact same relief in his current motion.[32] Thus, Mr. Sifuentes's argument demonstrates nothing more than disagreement with the June 16 MDO, which is an insufficient basis for the court to reconsider it.

Finally, as for Mr. Sifuentes's remaining arguments about excusable neglect and the judgment being void, he could have raised those arguments in his first motion for relief from judgment but chose not to. Thus, Mr. Sifuentes's current motion is an inappropriate vehicle to raise those arguments.[33] Because Mr. Sifuentes fails to demonstrate any basis for the court to reconsider the June 16 MDO, the court denies his current motion.

---

[30] ECF No. 19.

[31] ECF No. 20.

[32] *Compare* ECF No. 19 at 1, *with* ECF No. 21 at 1.

[33] *Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

**II.     Nevertheless, Even if the Court Considers the Merits of Mr. Sifuentes's Motion, He Fails to Demonstrate That He Is Entitled to Relief from Judgment.**

Even if the court considers Mr. Sifuentes's hackneyed arguments, they fail to warrant relief from judgment.[34] As indicated above, Mr. Sifuentes argues that he is entitled to relief from judgment under Rule 60(b) because: (A) his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered";[35] (B) he committed excusable neglect when he did "not mention that this . . . [c]ourt has diversity jurisdiction to hear his state[-]law claims";[36] and (C) the "judgment is void."[37] As demonstrated below, each of those arguments fails.

A.     Mr. Sifuentes's Pro Se Status, Limited Resources, and Asserted Failure to Cite Appropriate Legal Authority Are Not Grounds for Relief Under Rule 60(b)(1).

Mr. Sifuentes's pro se status, limited resources, and claimed failure to cite appropriate legal authority do not provide bases for relief under Rule 60(b)(1), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or

---

[34] In one portion of his motion, Mr. Sifuentes appears to request relief under Rule 59(e) when he asks the court to "alter [or] amend [the] judgment." ECF No. 21 at 1; *see also* Fed. R. Civ. P. 59(e) (governing motions "to alter or amend a judgment"). Under Rule 59(e), a party is required to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." If a party files a Rule 59(e) motion after that 28-day period, the court must treat the motion as a Rule 60(b) motion. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (providing that if a Rule 59(e) motion is filed after the time limit provided in Rule 59(e), the motion must be construed as one under Rule 60(b)). The final judgment in this case was entered on May 5, 2023, ECF No. 17, but Mr. Sifuentes did not file his motion until June 28, 2023. ECF No. 21. Because Mr. Sifuentes's motion was filed more than 28 days after the entry of judgment, the court treats the entirety of his motion as a Rule 60(b) motion for relief from judgment.

[35] ECF No. 21 at 1.

[36] *Id.*

[37] *Id.*

proceeding" based upon "mistake, inadvertence, surprise, or excusable neglect." As he did in his

first motion for relief from judgment, Mr. Sifuentes does not identify which of those reasons

supports his motion, but he appears to argue that he committed an excusable litigation mistake by

"citing the wrong law [or] not providing cases."[38] Mr. Sifuentes also argues, as he did in his first

motion, that he should be given relief from the court's judgment because he is proceeding pro se

with limited resources. For the same reasons the court rejected those arguments in the June 16

MDO, the court rejects them again because those arguments do not justify relief under Rule

60(b)(1), which "is extraordinary" and may be granted "only . . . in exceptional

circumstances."[39] This is especially true where, as here, "a party who simply misunderstands or

fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is

learned, turn back the clock to undo those mistakes."[40] Mr. Sifuentes's failure to recognize the

consequences of his mistakes does not provide a basis for relief under Rule 60(b)(1).[41]

---

[38] *Id.*

[39] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[40] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate. Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." (alterations in original) (quotations and citation omitted)); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

[41] As indicated in the June 16 MDO, it is worth noting that the court did not dismiss this case based upon Mr. Sifuentes's asserted mistake of "citing the wrong law [or] not providing cases." ECF No. 21 at 1. Instead, as demonstrated by the May 4 MDO, Mr. Sifuentes's claims were dismissed because he either failed to allege sufficient facts that would support his claims or alleged claims under statutory schemes that do not have a private right of action. *See generally* ECF No. 15.

B.  Mr. Sifuentes Did Not Commit Excusable Neglect by Failing to Argue That This
Court Had Diversity Jurisdiction Over His State-Law Claims.

Because Mr. Sifuentes's argument that the court had diversity jurisdiction over his

state-law claims is meritless, his failure to raise that argument does not constitute excusable

neglect under Rule 60(b)(1). As indicated above, Rule 60(b)(1) provides that a party may obtain

relief from a judgment based upon, among other things, "excusable neglect." "The determination

of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission.'"[42] One factor that a court may consider when

determining if a party's neglect was excusable, "is whether the moving party's underlying claim

is meritorious."[43]

As stated in the background section above, the Tenth Circuit has affirmed this court's

judgment and, after conducting its own de novo review of Mr. Sifuentes's amended complaint,

"conclude[d] that it fail[ed] to set forth sufficient allegations to establish diversity jurisdiction

over his state[-]law claims."[44] Thus, Mr. Sifuentes's argument concerning diversity jurisdiction is

meritless, and his failure to raise that argument in this court cannot constitute excusable neglect.

C.  Mr. Sifuentes Fails to Demonstrate That the Judgment Is Void.

Mr. Sifuentes fails to show that the judgment is void. Although Mr. Sifuentes does not

cite to any authority for this portion of his motion, he appears to rely upon Rule 60(b)(4), which

provides that a party may obtain relief from a judgment if "the judgment is void." "A judgment is

---

[42] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[43] *Jennings*, 394 F.3d at 857.

[44] *Sifuentes*, 2023 WL 6060382, at *3.

void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."[45] Mr. Sifuentes fails to argue that the judgment is void on any of those bases. Therefore, his argument fails.

### CONCLUSION AND ORDER

As shown above: (1) the court construes Mr. Sifuentes's current motion as a motion to reconsider the June 16 MDO, and the court denies that motion; and (2) even if the court considers the merits of Mr. Sifuentes's motion, he fails to demonstrate that he is entitled to relief from judgment. Therefore, the court DENIES Mr. Sifuentes's motion for relief from judgment and to alter or amend judgment.[46]

IT IS SO ORDERED.

DATED this 17th day of October 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[45] *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotations and citation omitted).
[46] ECF No. 21.