THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DAVID ANGEL SIFUENTES III,** Plaintiff, v. **CAPITAL ONE,** Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:22-cv-00190-JCB Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Sifuentes's motion to vacate judgment.[2] Based upon the analysis set forth below, the court denies Mr. Sifuentes's motion.

**BACKGROUND**

Proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"),[3] Mr. Sifuentes filed his complaint in this case against Defendant Capital One ("Capital One").[4] Mr. Sifuentes alleged claims against Capital One for: (1) violations of the Fair Credit Reporting Act ("FCRA") and (2) intentional infliction of emotional distress under state law.

---

[1] ECF No. 13.

[2] ECF No. 27.

[3] ECF No. 4.

[4] ECF No. 5.

In a November 23, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Sifuentes's complaint under the authority of the IFP Statute[5] and concluded, among other things, that Mr. Sifuentes failed to state any claims upon which relief could be granted.[6] However, the court recognized that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[7] Accordingly, the court provided Mr. Sifuentes with an opportunity to amend his complaint.

Mr. Sifuentes later filed an amended complaint, again naming Capital One as the sole defendant.[8] Mr. Sifuentes alleged federal causes of action against Capital One under the FCRA, the Federal Trade Commission Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, and the Gramm-Leach-Bliley Act. Mr. Sifuentes also asserted state-law causes of action for violations of the Michigan Consumer Protection Act and for negligent and/or intentional infliction of emotional distress.

Thereafter, the court issued a Memorandum Decision and Order on May 4, 2023, in which the court reviewed the sufficiency of Mr. Sifuentes's amended complaint under the authority of the IFP Statute.[9] The court concluded that Mr. Sifuentes's amended complaint also

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

[6] ECF No. 9.

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[8] ECF No. 14.

[9] ECF No. 15.

failed to state any federal claims upon which relief could be granted and that providing Mr. Sifuentes with a second opportunity to amend his complaint would be futile. Therefore, the court dismissed Mr. Sifuentes's federal claims with prejudice. Consequently, the court declined to exercise supplemental jurisdiction over Mr. Sifuentes's state-law claims and dismissed those claims without prejudice. The court then entered judgment and closed this case.[10]

Several days later, Mr. Sifuentes filed a motion for relief from judgment under Rule 60(b)(1).[11] Mr. Sifuentes argued that he should be given relief from the court's judgment because his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered."[12] As the form of requested relief, Mr. Sifuentes asked the court to permit him to dismiss this case without prejudice in its entirety under Fed. R. Civ. P. 41(a)(1)(A)(i) because Capital One did not file an answer or a motion for summary judgment. Mr. Sifuentes asserted that he had a "right to do so under Rule 41 and Rule 60(b)(1)."[13]

On June 16, 2023, the court issued a Memorandum Decision and Order denying Mr. Sifuentes's motion ("June 16 MDO").[14] The court concluded that Mr. Sifuentes failed to demonstrate that he was entitled to relief under Rule 60(b)(1) because: (1) he did not commit an

---

[10] ECF No. 16; ECF No. 17.
[11] ECF No. 19.
[12] *Id.* at 1.
[13] *Id.*
[14] ECF No. 20.

excusable litigation mistake by "citing the wrong law [or] not providing cases";[15] and (2) his pro se status and limited resources did not provide a basis for relief under Rule 60(b)(1).

Thereafter, Mr. Sifuentes appealed this court's judgment to the United States Court of Appeals for the Tenth Circuit.[16] The same day, he filed a second motion for relief from judgment, in which he argued that: (1) the court should "alter [or] amend [the] judgment"; (2) he should be given relief from judgment under Rule 60(b)(1) because his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered"; (3) he committed excusable neglect under Rule 60(b)(1) when he did "not mention that this . . . [c]ourt has diversity jurisdiction to hear his state[-]law claims"; and (4) the "judgment is void."[17]

Subsequently, the Tenth Circuit issued an Order and Judgment affirming this court's prior decision.[18] The Tenth Circuit rejected Mr. Sifuentes's sole argument on appeal, which was that this court failed to consider whether it had diversity jurisdiction over Mr. Sifuentes's state-law claims.[19] In fact, the Tenth Circuit conducted its "own de novo review of [Mr.] Sifuentes's amended complaint and conclude[d] that it fail[ed] to set forth sufficient allegations to establish

---

[15] ECF No. 19 at 1.

[16] ECF No. 22.

[17] ECF No. 21 at 1.

[18] *Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023).

[19] *Id.* at *1.

diversity jurisdiction over his state[-]law claims."[20] Accordingly, the Tenth Circuit affirmed this court's judgment.[21]

Soon after the Tenth Circuit's decision, this court issued a Memorandum Decision and Order denying Mr. Sifuentes's second motion for relief from judgment.[22] The court construed Mr. Sifuentes's second motion as a motion to reconsider the June 16 MDO, which the court denied because: (1) he failed to articulate any basis for the court to reconsider the June 16 MDO; (2) one of his arguments in his second motion was already raised in his first motion for relief from judgment and rejected by the court; and (3) his remaining arguments could have been raised in his first motion for relief from judgment but were not. The court further concluded that even if it considered the merits of Mr. Sifuentes's second motion, he was not entitled to relief from judgment because: (1) his pro se status, limited resources, and claimed failure to cite appropriate legal authority did not provide bases for relief under Rule 60(b)(1); (2) his failure to raise the meritless argument that the court had diversity jurisdiction over his state-law claims did not constitute excusable neglect under Rule 60(b)(1); and (3) he failed to show that the judgment was void under Rule 60(b)(4).[23]

---

[20] *Id*. at *3.

[21] *Id*. at *4.

[22] ECF No. 26.

[23] In one portion of his second motion, Mr. Sifuentes appeared to request relief under Fed. R. Civ. P. 59(e), which governs motions "to alter or amend a judgment." However, because Mr. Sifuentes's motion was filed more than 28 days after the entry of judgment, the court treated the entirety of his second motion as a Rule 60(b) motion for relief from judgment. Fed. R. Civ. P. 59(e) (requiring a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment"); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (providing that if a Rule 59(e) motion is filed after the time limit provided in Rule 59(e), the motion must be construed as one under Rule 60(b)).

Approximately one week later, Mr. Sifuentes filed the motion currently before the court, which is his third attempt to obtain relief from judgment.[24] Curiously, Mr. Sifuentes now argues that the "judgment is void" because the court lacked diversity jurisdiction over this case.[25] Here we go again.

## ANALYSIS

As shown below: (I) the court again construes Mr. Sifuentes's current motion as a motion to reconsider, which the court denies; and (II) even if the court considers the merits of Mr. Sifuentes's motion, he fails to demonstrate that the judgment is void. Therefore, the court denies Mr. Sifuentes's motion.

### I. The Court Construes Mr. Sifuentes's Motion as a Motion to Reconsider, and the Court Denies That Motion.

Because this is Mr. Sifuentes's third attempt to obtain relief from judgment, the court construes his current motion as a motion to reconsider. Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[26] Importantly, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already

---

[24] ECF No. 27.

[25] *Id.* at 1.

[26] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

addressed or advance arguments that could have been raised in prior briefing.[27]

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."[28]

Although Mr. Sifuentes obviously disagrees with this court's prior decisions, he fails to articulate any basis for the court to reconsider its decisions on his first two motions for relief from judgment. First, Mr. Sifuentes fails to argue that: (1) there has been a change in the controlling law; (2) new evidence exists that was unavailable at the time he filed his first two motions for relief from judgment; or (3) there is a need to correct clear error or prevent manifest injustice. Thus, he fails to establish any valid basis for the court to reconsider its prior orders on his first two motions for relief from judgment.

Second, Mr. Sifuentes's current argument about the judgment being void could have been raised in his first two motions for relief from judgment but was not. Thus, Mr. Sifuentes's current motion is an inappropriate vehicle to raise that argument.[29] Because Mr. Sifuentes fails to

---

[27] *Id.*

[28] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

[29] *Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

demonstrate any basis for the court to reconsider its decisions on his first two motions for relief from judgment, the court denies his current motion.

## II. Even if the Court Considers the Merits of Mr. Sifuentes's Motion, He Fails to Demonstrate That the Judgment Is Void.

Even if the court considers the merits of Mr. Sifuentes's motion, his sole argument fails to demonstrate that the judgment is void. Although Mr. Sifuentes does not cite to any authority to support his motion, he appears to rely upon Rule 60(b)(4), which provides that a party may obtain relief from a judgment if "the judgment is void." "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."[30]

Mr. Sifuentes is correct in asserting that the court lacked diversity jurisdiction over his state-law claims. In fact, as noted above, the Tenth Circuit conducted its "own de novo review of [Mr.] Sifuentes's amended complaint and conclude[d] that it fail[ed] to set forth sufficient allegations to establish diversity jurisdiction over his state[-]law claims."[31] However, this court did have federal-question jurisdiction over Mr. Sifuentes's federal claims.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Mr. Sifuentes's amended complaint alleged federal causes of action against Capital One under the FCRA, the Federal Trade Commission Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, and the Gramm-Leach-Bliley Act. Because all those claims are based on the laws

---

[30] *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotations and citation omitted).

[31] *Sifuentes*, 2023 WL 6060382, at *3.

of the United States, this court had federal-question jurisdiction over those claims. Thus, the court had subject-matter jurisdiction, and, accordingly, the judgment is not void.[32]

## CONCLUSION AND ORDER

As shown above: (1) the court construes Mr. Sifuentes's current motion as a motion to reconsider, and the court denies that motion; and (2) even if the court considers the merits of Mr. Sifuentes's motion, he fails to demonstrate that the judgment is void. Therefore, the court DENIES Mr. Sifuentes's motion to vacate judgment.[33]

IT IS SO ORDERED.

DATED this 6th day of March 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[32] Mr. Sifuentes appears to also argue that he and Capital One must both be citizens of Utah for the court to have diversity jurisdiction. That demonstrates a clear misapprehension of the concept of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of *different* States." 28 U.S.C. § 1332(a)(1) (emphasis added). Curiously, Mr. Sifuentes also asserts that he and Capital One are citizens of different states, which cuts directly against his argument that the court lacks diversity jurisdiction. In any event, the court need not consider Mr. Sifuentes's nonsensical argument because the court had federal-question jurisdiction in this case.

[33] ECF No. 27.