THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DAVID ANGEL SIFUENTES III, Plaintiff, v. CAPITAL ONE, Defendant. | MEMORANDUM DECISION AND ORDER Case No. 2:22-cv-00190-JCB Magistrate Judge Jared C. Bennett |

**BACKGROUND**[1]

Proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"),[2] Mr. Sifuentes sued Defendant Capital One ("Capital One").[3] Mr. Sifuentes alleged claims under: (1) the Fair Credit Reporting Act ("FCRA"), and (2) state law for intentional infliction of emotional distress.

In a November 23, 2022 Memorandum Decision and Order, the court reviewed Mr. Sifuentes's complaint under the authority of the IFP Statute[4] and concluded, among other things, that Mr. Sifuentes failed to state any claims upon which relief could be granted.[5] The court

---

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff David Angel Sifuentes III ("Mr. Sifuentes") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 13.

[2] ECF No. 4.

[3] ECF No. 5.

[4] 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

[5] ECF No. 9.

recognized, however, that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[6] Accordingly, the court allowed Mr. Sifuentes to amend his complaint.

Mr. Sifuentes later filed an amended complaint naming Capital One as the sole defendant.[7] Mr. Sifuentes alleged federal causes of action against Capital One under the FCRA, the Federal Trade Commission Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, and the Gramm-Leach-Bliley Act. Mr. Sifuentes also asserted state-law causes of action for violations of the Michigan Consumer Protection Act and for negligent and/or intentional infliction of emotional distress.

The court reviewed the sufficiency of Mr. Sifuentes's amended complaint under the authority of the IFP Statute and concluded that: (1) his amended complaint failed to state any federal claims upon which relief could be granted, and (2) allowing him a second opportunity to amend his complaint would be futile.[8] Therefore, the court dismissed Mr. Sifuentes's federal claims with prejudice and declined to exercise supplemental jurisdiction over his state-law claims—dismissing them without prejudice. The court then entered judgment and closed this case.[9]

---

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[7] ECF No. 14.

[8] ECF No. 15.

[9] ECF No. 16; ECF No. 17.

Several days later, Mr. Sifuentes moved for relief from judgment under Fed. R. Civ. P. 60(b)(1) because his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered."[10] As the form of requested relief, Mr. Sifuentes asked the court to permit him to dismiss this case without prejudice in its entirety under Fed. R. Civ. P. 41(a)(1)(A)(i) because Capital One did not file an answer or a motion for summary judgment. Mr. Sifuentes asserted that he had a "right to do so under Rule 41 and Rule 60(b)(1)."[11]

On June 16, 2023, the court issued a Memorandum Decision and Order denying Mr. Sifuentes's motion ("June 16 MDO").[12] The court concluded that Mr. Sifuentes failed to demonstrate that he was entitled to relief under Rule 60(b)(1) because: (1) he did not commit an excusable litigation mistake by "citing the wrong law [or] not providing cases";[13] and (2) his pro se status and limited resources did not provide a basis for relief under Rule 60(b)(1).

Thereafter, Mr. Sifuentes appealed this court's judgment to the United States Court of Appeals for the Tenth Circuit.[14] That same day, he filed a second motion for relief from judgment, in which he argued that: (1) the court should "alter [or] amend [the] judgment"; (2) he should be given relief from judgment under Rule 60(b)(1) because his "resources are limited," and the court should "not fault him for citing the wrong law [or] not providing cases, as it is the substance and facts of the case that should be considered"; (3) he committed excusable neglect

---

[10] ECF No. 19 at 1.
[11] Id.
[12] ECF No. 20.
[13] ECF No. 19 at 1.
[14] ECF No. 22.

3

under Rule 60(b)(1) when he did "not mention that this . . . [c]ourt has diversity jurisdiction to hear his state[-]law claims"; and (4) the "judgment is void."[15]

While Mr. Sifuentes's new motion was pending, the Tenth Circuit issued an Order and Judgment affirming this court's prior decision.[16] The Tenth Circuit rejected Mr. Sifuentes's sole argument that this court failed to consider whether it had diversity jurisdiction over Mr. Sifuentes's state-law claims.[17] In fact, the Tenth Circuit conducted its "own de novo review of [Mr.] Sifuentes's amended complaint and conclude[d] that it fail[ed] to set forth sufficient allegations to establish diversity jurisdiction over his state[-]law claims."[18]

This court then denied Mr. Sifuentes's second motion for relief from judgment on October 17, 2023 ("October 17 MDO").[19] The court construed Mr. Sifuentes's second motion as a motion to reconsider the June 16 MDO that lacked merit because: (1) he failed to articulate any basis for the court to reconsider the June 16 MDO; (2) one of his arguments in his second motion was already raised in his first motion for relief from judgment and rejected by the court; and (3) his remaining arguments could have been raised in his first motion for relief from judgment but were not. The court further concluded that even if it considered the merits of Mr. Sifuentes's second motion, he was not entitled to relief from judgment because: (1) his pro se status, limited resources, and claimed failure to cite appropriate legal authority did not provide bases for relief under Rule 60(b)(1); (2) his failure to raise the meritless argument that the court had diversity

---

[15] ECF No. 21 at 1.

[16] *Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023).

[17] *Id*. at *1.

[18] *Id*. at *3.

[19] ECF No. 26.

jurisdiction over his state-law claims did not constitute excusable neglect under Rule 60(b)(1); and (3) he failed to show that the judgment was void under Rule 60(b)(4).[20]

In the spirit of the third time is the charm, Mr. Sifuentes filed a third motion for relief from judgment.[21] The court denied that motion on March 6, 2024 ("March 6 MDO").[22] The court construed Mr. Sifuentes's third motion as a motion to reconsider the June 16 MDO and the October 17 MDO, which lacked merit because: (1) he failed to articulate any basis for the court to reconsider the June 16 MDO and the October 17 MDO; and (2) his arguments could have been raised in his first motion for relief from judgment but were not. The court further concluded that even if it considered the merits of Mr. Sifuentes's third motion, he was not entitled to relief from judgment because he failed to show that the judgment was void under Rule 60(b)(4). Mr. Sifuentes appealed the March 6 MDO to the Tenth Circuit on March 21, 2024.[23] Several months later, the Tenth Circuit issued an Order and Judgment affirming the March 6 MDO.[24]

---

[20] In one portion of his second motion, Mr. Sifuentes appeared to request relief under Fed. R. Civ. P. 59(e), which governs motions "to alter or amend a judgment." However, because Mr. Sifuentes's motion was filed more than 28 days after the entry of judgment, the court treated the entirety of his second motion as a Rule 60(b) motion for relief from judgment. Fed. R. Civ. P. 59(e) (requiring a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment"); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (providing that if a Rule 59(e) motion is filed after the time limit provided in Rule 59(e), the motion must be construed as one under Rule 60(b)).

[21] ECF No. 27.

[22] ECF No. 28.

[23] ECF No. 29.

[24] ECF No. 32.

Here we go again. Mr. Sifuentes now moves for relief from judgment for a fourth time.[25] Mr. Sifuentes presents entirely new arguments to support this request for relief from judgment but fails to explain why those arguments were not raised in his first motion for relief from judgment.

## ANALYSIS

Given that this is Mr. Sifuentes's fourth attempt to obtain relief from judgment, the court construes his current motion as a motion to reconsider. Importantly, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[26]

As the court has explained to Mr. Sifuentes on two prior occasions, the arguments his current motion could have been raised in his first motion for relief from judgment but were not. Thus, his current motion is an inappropriate vehicle to raise those arguments. Therefore, the court DENIES Mr. Sifuentes's motion for relief from judgment under Rule 60(b).[27] As a final matter, the court notifies Mr. Sifuentes that if he files any additional meritless motions in this case, the court will consider imposing filing restrictions upon him.

---

[25] ECF No. 35.

[26] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[27] ECF No. 35.

IT IS SO ORDERED.

DATED this 26th day of September 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge